IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MARK WALKER**,

    Plaintiff,

v.

**UNION PACIFIC RAILROAD COMPANY**,

    Defendant.

Case No. 3:22-cv-1011-JR

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation (F&R) in this case on December 18, 2023. Judge Russo recommended that this Court grant Plaintiff's motion for partial summary judgment and grant Defendant's motion for summary judgment as to one claim and deny it in all other respects.

    Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those

portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Defendant objects to the F&R.[1] Defendant argues that Judge Russo misinterpreted certain Federal Railroad Administration regulations on engineer certification and safety. Defendant contends that under the F&R, railroad safety will be jeopardized and railroads will be limited in their ability to implement safety measures and ensure that locomotives are only operated by safe engineers and conductors.

The F&R concluded that the regulations are unambiguous in allowing for secondary testing only if an employee fails the primary testing. The Court has reviewed 49 C.F.R. § 240.121(c)-(e) and Appendix F and agrees with Judge Russo. Defendant also objects that Judge Russo ignored 49 C.F.R. § 240.1, which provides that a railroad may adopt and enforce more stringent testing requirements. Judge Russo, however, cited this provision and noted that Defendant did not rely on it in moving for summary judgment in its favor or opposing Plaintiff's

---

[1] The Court grants *nunc pro tunc* Defendant's motion for leave to file a reply in support of its objections.

motion for partial summary judgment. *See* ECF 30 at 12 n.8. Defendant argues that this footnote failed to acknowledge Defendant's arguments in its briefing that Defendant is entitled to "deference" in its testing protocols and discretion in designing its secondary testing. Those arguments, however, do not address whether Defendant *adopted* a more stringent testing *requirement*. A testing requirement is generally applicable. The facts here show that Defendant asked Plaintiff to undergo secondary testing and not that Defendant had Plaintiff follow a more stringent testing protocol adopted by Defendant. Nor does Defendant cite to any such evidence in its objection.

Defendant argues that if the F&R's interpretation stands, then an engineer or conductor who failed an Ishihara test in previous years but passes the test in later years may be a danger and can "slip through the cracks." Defendant, however, may adopt more stringent testing or certification standards to alleviate its concerns. The standards in the regulations represent only "minimum" safety standards. 49 C.F.R. § 240.1(b).

The Court ADOPTS the Findings and Recommendation, ECF 30. The Court GRANTS Plaintiff's Motion for Partial Summary Judgment, ECF 23. The Court GRANTS IN PART and DENIES IN PART Defendant's Motion for Summary Judgment, ECF 19. The Court grants Defendant's motion with respect to Plaintiff's failure to accommodate claim and denies it in all other respects.

**IT IS SO ORDERED.**

DATED this 11th day of March, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge